IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ERNESTO HARO CHAVEZ,

Petitioner,

vs.

MCCOOK DETENTION CENTER WARDEN, in official capacity; TODD W. BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement;

Respondents.

**8:26CV546**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Ernesto Haro Chavez's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held by Respondents without being afforded a bond determination.

Upon review, it appears Petitioner has filed this case in the wrong district. In his Petition, Haro Chavez asserts he is being held at the McCook Detention Center in McCook, Nebraska. Filing No. 1. However, the evidence shows this is inaccurate. The federal Respondents submit an affidavit from Quint Erdman, Supervisory Detention and Deportation Officer with ICE. Filing No. 12. Officer Erdman states that Petitioner was arrested in Colorado Springs, Colorado, on July 1, 2026, and has remained detained in Colorado since. Filing No. 12 at 3–4. Officer Erdman provides a screenshot of an ICE electronic record he reviewed which shows Petitioner has been in the Denver Contract Detention Facility since July 1, 2026. Filing No. 12 at 4. Likewise, the Court mailed a copy of its Order to Show Cause to Petitioner at the McCook Detention Facility which was

returned as undeliverable, suggesting Petitioner is not being held there. Filing No. 16. And lastly, the warden of the McCook Detention Facility states that Petitioner has never been detained there. Filing No. 18 at 1.

The Supreme Court has held that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Respondents argue the Court should dismiss the case. But the Court finds it is in the interest of justice to transfer the case to the District of Colorado instead. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought . . . ."). Petitioner is proceeding pro se and is plainly struggling to obtain accurate information about his situation. Dismissal would only prolong resolution of the issues presented in this case while transferring will allow the Court with proper jurisdiction to resolve the matter in a more timely fashion. Accordingly,

IT IS ORDERED:

1. Respondents' Motion to Dismiss or Alternatively to Transfer, Filing No. 10, is granted in part and denied in part. The Court lacks jurisdiction over Petitioner's habeas petition. However, in the interest of justice, the Court will transfer the matter to the District of Colorado.
2. The Clerk of the Court is directed to take all necessary steps to transfer this matter to the United States District Court for the District of Colorado.

3. Because this case is being transferred, the Court will leave resolution of Petitioner's motion for appointment of counsel, Filing No. 4, to the receiving court.
4. The Clerk of the Court shall immediately close and terminate this case in the District of Nebraska.

Dated this 15th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge